**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rodrigo Antonio VEGA–AVILA, also known as Rodrigo Avila–Mendez, also known as Rodrigo Antonio Avila, Defendant–Appellant.**

No. 06–51159
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 10, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Christopher Allen Antcliff, Stanton & Antcliff, El Paso, TX, for Defendant–Appellant.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Rodrigo Vega–Avila pleaded guilty of illegal reentry after deportation. He argues, for the first time on appeal, that his sentence is unreasonable because the district court employed impermissible double-counting and thus improperly calculated his guideline range when it increased his offense level and criminal history points based on the same prior illegal reentry conviction. Citing *United States v. Henry,*

288 F.3d 657 (5th Cir.2002), Vega further contends that his criminal history should not have been increased based on his prior illegal reentry conviction, because it was an element of the instant offense.

The district court did not plainly err in sentencing Vega, because the guidelines do not prohibit such double-counting, because *Henry* is distinguishable from the instant case, and because this court has approved of such double-counting under similar circumstances concerning U.S.S.G. § 2K1.2. *See* U.S.S.G. § 2L1.2, comment. (n.6); *Henry,* 288 F.3d at 659, 664–65; *United States v. Gaytan,* 74 F.3d 545, 560 (5th Cir.1996); *United States v. Hawkins,* 69 F.3d 11, 14–15 (5th Cir.1995).

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.